IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA        *
                                *
    v.                          *    CR 116-048
                                *
ROBBIE LEE MOUZON               *

O R D E R

On April 26, 2017, a jury convicted Defendant Robbie Lee Mouzon of one count of conspiracy to commit robbery of a commercial business; one count of conspiracy to use and carry a firearm during crimes of violence; two counts of robbery of a commercial business; two counts of carrying, using, and brandishing a firearm during a crime of violence; and one count of possession of a firearm by a convicted felon. He was sentenced to a total term of imprisonment of 500 months. The Eleventh Circuit affirmed his convictions and sentence on August 29, 2018.

On July 22, 2019, Defendant filed a motion to appoint counsel (doc. 149) to help him seek relief pursuant to a new rule of constitutional law announced in United States v. Davis, --- U.S. ---, 139 S. Ct. 2319 (Jun. 24, 2019). Specifically, in Davis, the United States Supreme Court found that the "residual clause" of 18 U.S.C. § 924(c) is unconstitutionally vague.[1]

---

[1] Section 924(c) imposes a mandatory sentence for a defendant who uses or carries a firearm "during and in relation to any crime of violence." A "crime of violence" under that section is defined as follows:

The Clerk of Court also received a letter penned by Defendant to the United States Magistrate Judge, in which he complains about an alleged illegal search and ineffective assistance of counsel. He asks that the Court appoint counsel to litigate these "2255 issues." (Doc. 150, at 2.)

In order to attack the legality of his sentence, which is what Defendant is trying to do, Defendant must petition for habeas corpus relief under 28 U.S.C. § 2255 by filing a motion to vacate, set aside or correct his sentence. The recently filed pleadings do not qualify as a § 2255 petition. Moreover, the United States Supreme Court has cautioned that the district court may not simply recharacterize a *pro se* pleading as a § 2255 motion without prior notice to the litigant and an opportunity for that litigant to either withdraw the motion or amend it so that it contains all of the § 2255 claims the litigant believes he has. See Castro v. United States, 540 U.S. 375 (2003).

---

For purposes of this subsection the term "crime of violence" means an offense that is a felony and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force" clause], or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual" clause].

18 U.S.C. § 924(c)(3). The Davis Court invalidated only the residual clause.

Upon consideration of Defendant's piecemeal filings and the procedural posture of this case, the Court will not recharacterize his pleadings as a § 2255 motion. Rather, the **CLERK** is **DIRECTED** to attach a copy of the standard form for § 2255 motions to Defendant's service copy of this Order so that he may properly file a § 2255 petition. Defendant is forewarned that he must set forth all his § 2255 claims on the attached form, including his <u>Davis</u> claim. Defendant is also forewarned that his § 2255 claims may be subject to the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), see 28 U.S.C. § 2255(f), and all other applicable standards governing § 2255 actions.

With respect to Defendant's requests for the appointment of counsel, a habeas petitioner has no absolute constitutional right to appointed counsel. <u>Henderson v. Campbell</u>, 353 F.3d 880, 892 (11th Cir. 2003) (held in the context of a habeas proceeding under 28 U.S.C. § 2254). Rather, a court may appoint counsel only if the interests of justice so require. 28 U.S.C. § 2255(g) (incorporating by reference the standards of 18 U.S.C. § 3006A(a)(2)(B) for the appointment of counsel); see <u>McCall v. Cook</u>, 495 F. App'x 29, 31 (11th Cir. 2012) (stating that civil litigants, even prisoners, have no constitutional right to counsel; rather, appointment of counsel in civil cases is "a privilege that is justified only by exceptional circumstances" (quoted source

omitted)). Here, Defendant has not shown that the interests of justice demand the appointment of an attorney. Accordingly, he is not entitled to the appointment of counsel.

Upon the foregoing, Defendant's recently filed motions (docs. 149 & 150) are **DENIED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**. To the extent the motions request the appointment of counsel, they are denied. To the extent the motions set forth claims challenging the legality of his convictions, the motions are denied without prejudice.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of July, 2019.

                                        J. RANDAL HALL, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT
                                        SOUTHERN DISTRICT OF GEORGIA