IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBBIE LEE MOUZON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-130 |
| | ) | (Formerly CR 116-048) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. nos. 38, 39.) Nothing in Petitioner's objections undermines the Magistrate Judge's thorough and reasoned analysis in the Report and Recommendation. As to the request for appointment of counsel in the second set of objections, there is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438. Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v.

Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (*per curiam*).  In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed, there is no federal constitutional right" to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 191 (2017 ed.).

The Court does not find any exceptional circumstances justifying the appointment of counsel.  McCall, 495 F. App'x at 31.  Petitioner has had no problem communicating with the Court and presenting his arguments for relief, as evidenced by his § 2255 motion detailing his underlying criminal proceedings and his extensive briefing, including multiple motions to amend.  Therefore, to the extent Petitioner requests appointment of counsel in his second set of objections, the Court **DENIES** that request.  (Doc. no. 39.)

Accordingly, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion.  Therefore, the Court **DENIES** the motions to amend and supplement, (doc. nos. 19, 23, 26, 29), and **DENIES** Petitioner's motion filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate.  This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) to the Rules Governing Section 2255 Proceedings.  This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has

2

failed to make the requisite showing.  Accordingly, the Court **DENIES** a COA in this case.[1]

Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith.  Accordingly, Petitioner is not entitled to appeal *in forma pauperis*.

See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to

enter final judgment in favor of Respondent.

SO ORDERED this 2nd day of December, 2020, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a) to the Rules Governing Section 2255 Proceedings.